Prob 12C
(Rev. 3/95 D/HI)

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 11 2004

at __10__ o'clock and __55__ min. __A__ M.
WALTER A.Y.H. CHINN, CLERK

U.S.A. vs. ZACK SHIMOSE                                    Docket No. CR 00-00193DAE-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ZACK SHIMOSE who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 25th day of June 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which must include drug testing for the first 2 years and at the discretion and direction of the Probation Office for the remaining period of his supervised release.

3. That the defendant shall submit his residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office and at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. The interest requirement if applicable is waived.

**Resentence**: The Court issued an Order Granting Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Judgment and Granting Petitioner's Request for Appointed Counsel filed on 12/2/2002. On 3/4/2003, the defendant was resentenced to 37 months imprisonment and 5 years of supervised release with the following special conditions: 1) Defendant shall participate in a substance program, which must include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 4) That the defendant complete 250 hours of community service related to drug education activity, or if not available, any community service placement, as directed by the Probation Office; and 5) That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection

policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. That on 3/3/2004, the subject engaged in conduct constituting the Obstruction of Court Order, in violation of 18 U.S.C. § 1509 and the General Condition.

2. That the offender failed to follow the instructions of the Probation Officer issued on 3/18/2003, 2/9/2004, and 3/2/2004, in violation of Standard Condition No. 3.

3. The subject failed to truthfully answer the Probation Officer's inquiries on 3/3/2004, in violation of Standard Condition No. 3.

4. That on 3/18/2003 and 3/3/2004, the offender associated with a convicted felon, namely Ronald Auwae, in violation of Standard Condition No. 9.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked. The subject's address is 545 Kukuau Street, Hilo, Hawaii 96720.

[ ] Other

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/6/2004

Prob 12C
(Rev. 3/95 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 6th day of May, 2004, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
Chief U.S. District Judge

Re:   **SHIMOSE, Zack**
      **Criminal No. CR 00-00193DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1 of the Indictment - Possession With Intent to Distribute a Schedule II Controlled Substance, a Class B felony. On 6/25/2001, he was sentenced to 60 months imprisonment and 5 years supervised release with the special conditions noted in the petition. However, on 3/4/2003, the offender was resentenced to 37 months imprisonment and 5 years supervised release with the amended special conditions noted in the petition. Supervised release began on 3/5/2003.

At the onset of supervision, the offender was employed full-time for a construction company, enrolled in distance learning classes with Kapiolani Community College, and complied with all drug aftercare requirements. In addition, with much encouragement from U.S. Probation Officer (USPO) Lisa K.T. Jicha, the offender has completed more than one half of the 250 community service hours imposed by the Court.

However, throughout the term of supervision, the offender has been unable to follow instructions, provide truthful reports, and cease associating with a convicted felon. The offender's continued association with a convicted felon escalated to the extent that he harbored a supervised releasee who was a fugitive, even after the offender was aware of the issuance of a No Bail warrant for the supervised releasee. The violations are as follows:

**Violation No. 1 - Conduct Constituting the Obstruction of a Court Order:** On 3/2/2004, the offender reported to USPO Jicha that he was questioned by Hawaii County Police Department (HCPD) regarding an investigation into an attempted murder. At that time, the offender reported that the HCPD also wanted to question supervised releasee Ronald Auwae, in the same investigation. Ronald Auwae pled guilty to Count 2: Conspiracy to Possess With Intent to Distribute Cocaine, a Class B felony, in U.S. District Court. Ronald Auwae was sentenced to 37 months imprisonment and 5 years supervised release. Ronald Auwae's supervised release began on 12/20/2002, and he was on active supervised release in March 2004. On 3/2/2004, USPO Jicha instructed the offender not to have any contact with Ronald Auwae. USPO Jicha also informed the offender that there was an outstanding violator's warrant for Ronald Auwae. On 3/4/2004, USPO Jicha and Supervising U.S. Probation Officer (SUSPO) Gene DeMello, Jr., conducted an unannounced home inspection at the offender's residence located in Hilo. Upon arriving at the residence, the offender greeted USPO Jicha and SUSPO DeMello outside of the front door of his residence. SUSPO DeMello asked the offender if he had any contact with Ronald Auwae. The offender admitted that earlier this date (3/4/2004), Ronald Auwae contacted him and requested the offender's assistance in surrendering himself to the HCPD for questioning in the investigation of the attempted murder case. SUSPO DeMello questioned the offender as to the whereabouts of Ronald Auwae and the offender reported that Auwae was at a mutual, male friend's home in Hilo waiting for the offender to pick him up and drive him to HCPD for questioning. SUSPO DeMello informed the offender that we would follow him to the mutual friend's home because Ronald Auwae needed to be located.

Re:   **SHIMOSE, Zack**
**Criminal No. CR 00-00193DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

The offender was then instructed to secure his residence before proceeding to where Ronald Auwae was reportedly located. SUSPO DeMello and USPO Jicha followed the offender into his home. Upon entering the offender's dining room, Ronald Auwae was observed sitting at the dining table. Deputy U.S. Marshals were summoned to the offender's residence and Ronald Auwae was arrested and taken into custody on the violator's warrant. The offender had no reasonable explanation as to why he lied to SUSPO DeMello and USPO Jicha by intentionally not disclosing the presence of Ronald Auwae at his residence.

### Violation No. 2 - Failure to Follow the Probation Officer's Instructions:

**Failure to Follow Instructions**: On 3/18/2003, the offender was oriented to the supervision conditions, which included the instruction that prohibited him from associating with a convicted felon. Despite having received this instruction, our office learned that the offender transported Ronald Auwae from the Drug Addiction Services of Hawaii, Inc. (DASH), in Hilo on 3/18/2003, the same date that he was instructed he was prohibited from associating with a convicted felon. When the offender was questioned about this, he stated that he "forgot" about Standard Condition No. 9. Standard Condition No. 9 prohibits association with convicted felons. The offender was reminded that Standard Condition No. 9 was explained to him earlier on this date.

**Failure to Follow Instructions**: On 2/9/2004, the offender initiated a conversation with USPO Jicha regarding Ronald Auwae. During this conversation, the offender acknowledged that he was aware that Ronald Auwae had absconded from supervision. When questioned, the offender denied having contact with Ronald Auwae. The offender was again instructed not to have any contact with Ronald Auwae. As mentioned in Violation No. 1, on 3/2/2004, the offender contacted USPO Jicha and informed that Ronald Auwae was allegedly wanted for questioning by HCPD in an attempted murder investigation. On 3/2/2004, the offender was again instructed not to have any contact with Ronald Auwae. The offender was also informed that there was an outstanding federal warrant for the arrest of Ronald Auwae. Nonetheless, on 3/3/2004, during an unannounced home inspection, USPO Jicha and SUSPO DeMello located Ronald Auwae at the offender's home.

### Violation No. 3 - Failure to Truthfully Answer the Probation Officer's Inquiries:

As mentioned in Violation No. 1, on 3/3/2004 while the offender was being questioned by SUSPO DeMello on the whereabouts of Ronald Auwae, the offender failed to truthfully answer SUSPO DeMello's inquiries. Specifically, the offender informed that Ronald Auwae was at a mutual friend's home, when in fact, Ronald Auwae was sitting inside of his residence but outside of the view of SUSPO DeMello and USPO Jicha. The offender lied to the probation officers and attempted to mislead them by claiming that Ronald Auwae was at another location.

Re:   **SHIMOSE, Zack**
Criminal No. CR 00-00193DAE-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3

**Violation No. 4 - Association With a Convicted Felon:** As mentioned in Violation No. 2, on 3/18/2003, our office learned that the offender provided Ronald Auwae transportation to DASH in Hilo on 3/18/2003, despite having been instructed on 3/18/2003 that he was prohibited from associating with Ronald Auwae. The offender had no reasonable explanation when questioned about this violation.

As mentioned in Violation No. 1, on 3/3/2004, USPO Jicha and SUSPO DeMello found Ronald Auwae at the offender's residence. The offender had been previously instructed not to have contact with Ronald Auwae on 3/18/2003, 4/23/2003, 2/9/2004, and 3/2/2004.

In light of the violations that include conduct constituting the obstruction of a Court order, it is respectfully recommended that the Court issue a summons for the offender's appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
LISA K.T. JICHA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/6/2004

LKTJ/pts

PROB 7A
(Rev. 9/00; D/HI 7/02)

## Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To: Zack Shimose
Address: 545 Kukuau Street
Hilo, Hawaii 96720

Docket No. CR 00-00193DAE-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (3/5/03).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   SHIMOSE, Zack
      Docket No. CR 00-00193DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)   That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

(4)   That the defendant complete 250 hours of community service related to drug education activity, or if not available, any community service placement, as directed by the Probation Office.

(5)   That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   3/18/03
         ZACK SHIMOSE                       Date
         Defendant

_____             3/18/03
LISA K.T. JICHA                             Date
U.S. Probation Officer